## No. 14,143.

### STATE EX REL. ARTHUR WEBER VS. QUITMAN KOHNKE ET ALS.

#### SYLLABUS.

Considering Act 192 of 1898, in connection with Article 296 of the Constitution, for the carrying into effect of which said act was adopted, and considering the language of said act, whereby provision is made for the organization of municipal boards of health, there is no sufficient reason for holding that the General Assembly, in requiring that three, out of five, members of such boards "shall, if practicable, be duly licensed and registered physicians," intended to prohibit the organization of any municipal boards with more than three physicians as members.

APPEAL from Civil District Court, Parish of Orleans.—*St. Paul, J.*

*Armond E. Blackmar,* for Relator, Appellee.

*Joseph E. Generelly,* for Respondents, Appellants.

The opinion of the court was delivered by

MONROE, J. The relator, who is a duly licensed physician, was elected, by the Council of the City of New Orleans, a member of the City Board of Health established under the authority of Act No. 192, of 1898, and was duly commissioned by the Mayor. He presented his credentials to the Board and demanded recognition, which was denied. He then applied for relief by means of the writ of *mandamus,* and

obtained judgment, making the writ peremptory and ordering the members of the Board, defendant herein, to recognize him and accord him the privileges of membership, and the defendants have appealed from said judgment.

They base their refusal to accept and recognize the relator on the ground that, under the law, the Board is to consist of five members, not more than three of whom are to be doctors of medicine, and that, as three of them are members of that profession, there is no room for the relator.

Article 296 of the Constitution provides that "The General Assembly shall create, for the State, and for each parish and municipality therein, Boards of Health, and shall define their duties and prescribe the powers thereof. The State Board of Health shall be composed of representative physicians from various sections of the State. Until otherwise provided by law, both the president and secretary of the State Board of Health shall be *ex-officio* members of the Board of Health of the City of New Orleans, the president of the State Board to be the president of the local Board of the City of New Orleans."

Act 192, of 1898, was passed to carry this article into effect. It provides for the establishment of a State Board of Health, to consist of seven representative physicians, to be appointed by the Governor, from the various sections of the State; for the establishment of a Board from each parish, to consist of one suitable person, from each ward in such parish not embraced in an incorporated municipality, to be appointed by the Police Jury, with the qualification that "at least three of the persons so appointed shall, if practicable, be duly licensed and registered physicians;" and it further provides that the Council, or legislative body, of each and every municipal government in the State, shall "Elect, or appoint, five persons in said municipality to be members of the Municipal Board of Health," that "such persons shall not be members of the said Council, or occupy any other office in said municipality, and three of the persons so appointed, or elected, shall, if practicable, be duly registered and licensed physicians."

The counsel for the respondents, referring to the provisions relating to the Parish and Municipal Boards, submits the following, as the proposition upon which his clients reply, to-wit:

"In making provision for the creation of local Boards of Health, two dissimilar conditions were kept in view, and an endeavor made to meet the exigencies of both. Parish Boards were to be organized in

contradistinction to the Boards which were to be elected within every incorporated municipal government. The former, from the very necessities of the situation, were to concern themselves, solely, with the preservation of the public health within the locality over which they were vested with jurisdiction; the latter were not only to exercise authority over infectious and contagious diseases, but, also, in the establishment of health and sanitary regulations, to avoid, without danger to the public safety, injurious and needless burdens on commerce."

The text of the act, however, makes no such distinction as is thus suggested. On the contrary, the identical provisions which confer authority on the municipal Boards, confer it, also, on the Parish Boards, and the act provides that both Parish and Municipal Boards shall act under the supervision and advice of the State Board, and that, for the City of New Orleans, the State Board, alone, shall have power to establish quarantine.

But, the State Board, though thus vested with general authority over the Parish and Municipal Boards, and with special and exclusive authority over the matters which mainly affect the commerce of the State, is required by the Constitution, itself, to be composed entirely of physicians. If, therefore, we should adopt the theory propounded on behalf of the defendants it would seem to lead to the conclusion that the spirit of the Act of 1898 was in conflict with that of the article of the Constitution for the carrying into effect of which the act was passed. Under these circumstances, we find no sufficient reason for holding that the General Assembly, in requiring that three, out of the five, members of the Municipal Boards shall, if practicable, be duly registered and licensed physicians, intended to prohibit the organization of such Boards with more than three physicians as members. The purpose seems rather to be to *require* that a majority of the members shall be physicians, leaving the selection of the others to the discretion of the municipal Councils, though, no doubt, this purpose is more plainly expressed in the provisions relating to the Parish Boards. We find no error in the judgment appealed from, and it is affirmed.